22CA1847 Crystal v Marrone 08-29-2024 COLORADO COURT OF APPEALS Court of Appeals No. 22CA1847 Summit County District Court No. 20CV30124 Honorable Mark D. Thompson, Judge Holly Crystal, Plaintiff-Appellant, v. Kathryn Marrone, Billy Joe North, Marilyn North, Gail M. O’Malley Revocable Trust, and Parkside Townhomes 1, Defendants-Appellees. ORDER REVERSED AND CASE REMANDED WITH DIRECTIONS Division III Opinion by JUDGE SCHUTZ J. Jones, J., concurs Johnson, J., dissents NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced August 29, 2024 Lewis Roca Rothgerber Christie LLP, Kendra N. Beckwith, Elizabeth Michaels, Denver, Colorado; Gordon Rees Scully Mansukhani, LLP, Reagan Larkin, Denver, Colorado, for Plaintiff-Appellant Altitude Community Law, P.C., William Short, Lakewood, Colorado, for Defendants-Appellees
1 ¶ 1 Plaintiff, Holly Crystal, appeals the district court’s award of attorney fees to defendants, Kathryn Marrone, Billie Joe and Marilyn North, Gail M. O’Malley Revocable Trust, and Parkside Townhomes 1 (the Association).
1 We reverse and remand for further proceedings. I. Background ¶ 2 A more detailed discussion of this dispute is set forth in Crystal v. Marrone, (Colo. App. No. 22CA0913, Aug. 29, 2024) (not published pursuant to C.A.R. 35(e)) (Crystal I). But we provide the following factual summary for context. ¶ 3 Crystal asserted numerous claims against defendants arising out of disputes concerning the extent of any easement and common area created by the “Declaration of Covenants, Easements, Restrictions, Homes Association” (Original Declaration) and associated “Plat Map,” and the “Amended and Restated Declaration of Covenants, Easements, Restrictions and Homes Association 1 The caption of the pleadings in the district court and on appeal name as a defendant “Parkside Townhomes 1.” But the operative documents refer to “Parkside Townhomes I.” The parties also sometimes refer to that defendant as “Parkside,” but generally refer to it as “the Association,” which we do as well. 
2 Declaration for Parkside Townhomes I” (Amended Declaration) for the Parkside subdivision located in Frisco. Crystal also asserted a trespass claim against Marrone. ¶ 4 In their answer to Crystal’s complaint, defendants requested an award of their attorney fees pursuant to the Amended Declaration and the Colorado Common Interest Ownership Act (CCIOA), section 38-33.3-123(1), C.R.S. 2024. ¶ 5 In the trial management order (TMO), which the district court adopted on the first day of trial, both Crystal and defendants agreed that any award of attorney fees depended on a prevailing party determination and that the amount of attorney fees would be determined in post-trial proceedings pursuant to C.R.C.P. 121. ¶ 6 After a four-day bench trial, the court rejected all of Crystal’s claims and determined that defendants were the prevailing parties and therefore entitled to their attorney fees under the Amended Declaration and CCIOA. Consistent with the TMO and with the request made as a part of defendants’ proposed findings of fact and conclusions of law, the court found that the amount of fees to be awarded would be determined in post-trial proceedings. 
3 ¶ 7 Defendants timely filed a bill of costs and moved for a determination of the amount of attorney fees and costs, seeking $82,446.96 in fees and $10,226.54 in costs. Crystal responded, asserting primarily that the fees sought by defendants were unreasonable because defendants’ counsel devoted an excessive amount of time to the case. Crystal did not request an attorney fees hearing. The court ultimately awarded the amount of costs and fees that defendants requested. ¶ 8 In view of our disposition in Crystal I we conclude that we do not need to address Crystal’s claims in detail because we have reversed significant portions of the judgment underlying the fee award to defendants. II. Analysis ¶ 9 In Crystal I, we concluded that the district court erred by entering judgment in defendants’ favor finding that Crystal’s side and rear yards are encumbered by an express access and utility easement, an implied easement by necessity, and a prescriptive easement. We also concluded that the district court erred by finding that Crystal’s side and rear yards are common areas under the covenants and that the Amended Declaration created or 
4 confirmed the creation of an easement or common area across Crystal’s side and rear yards. ¶ 10 The findings that we have reversed were essential to the court’s conclusion that defendants were the prevailing parties on claims asserted under the Amended Declaration or CCIOA. ¶ 11 Pursuant to section 38-33.3-123(1)(c), “[i]n any civil action to enforce or defend the provisions of this article or of the declaration, bylaws, articles, or rules and regulations, the court shall award reasonable attorney fees, costs, and costs of collection to the prevailing party.” See also Far Horizons Farm, LLC v. Flying Dutchman Condo. Ass’n, 2023 COA 99, ¶ 29 (“[S]ection 38-33.3-
123(1)(c), as amended in 2006, requires a court to determine the prevailing party in the action as a whole, and not on a claim-by-
claim basis.”). ¶ 12 In Crystal I, we also determined that Crystal’s challenge to the district court’s finding that she violated the covenants by installing a hot tub was moot. But we noted that a narrow aspect of this claim was not moot: its potential impact on the district court’s determination of prevailing party status in resolving the competing attorney fees claims on remand. Finally, we affirmed the district 
5 court’s rejection of Crystal’s trespass claim against Marrone. Because of our disposition in Crystal I, Crystal has prevailed on some of her claims, defendants have arguably prevailed on their counterclaim relative to the hot tub, and Marrone has prevailed on the trespass claim. ¶ 13 In determining prevailing party status on remand, the district court will need to address a few additional issues. As it relates to the claim involving the hot tub, the court will need to resolve whether the Association should be deemed the prevailing party based on its theory that Crystal agreed to remedy the hot tub because of the Association’s counterclaim. If the court determines that the counterclaim was the impetus for Crystal’s compliance, then the court shall consider that in determining prevailing party status in the case. See Ctr. for Biological Diversity v. Norris, 262 F.3d 1077, 1080 (10th Cir. 2001) (permitting an award of statutory attorney fees when the claim that authorizes the fees was the catalyst for the sued party’s compliance). ¶ 14 With respect to the trespass claim, the court must determine whether the claim was based on the covenants or simply a common law theory of trespass. A pure trespass claim generally does not 
6 trigger an award of attorney fees to the prevailing party. But if the district court determines the trespass claim was dependent on rights granted under the covenants, then the court may consider that in its overall determination of which parties, if any, prevailed in this case. § 38-33.3-123(1)(c). ¶ 15 Finally, as it relates to the Amended Declaration, the court will need to determine whether any party is entitled to an award of attorney fees under its attorney fees provision. In resolving this issue, the court will need to consider when the Amended Declaration was adopted relative to the complained of conduct and also, whether the particular language of the Amended Declaration authorizes an award of attorney fees. ¶ 16 In light of the disposition in Crystal I, we reverse the district courts award of attorney fees in favor of defendants under the Amended Declaration and CCIOA, and we remand the case to the district court to determine which, if any, of the parties are prevailing parties in the action under CCIOA. See Crystal I. If the court determines that any party is the prevailing party in this action, then it shall determine and award that party its reasonable attorney fees and costs under CCIOA. § 38-33.3-123(1)(c). 
7 ¶ 17 The district court also cited section 13-17-101, C.R.S. 2024, in support of its award of attorney fees. Given our disposition in Crystal I, we reject any express or implied finding that defendants were entitled to an award of attorney fees because Crystal’s claims or defenses were frivolous or groundless. ¶ 18 For these reasons, we reverse the district court’s order awarding the defendants their costs and attorney fees under section 13-17-101 and remand the case to the district court for further proceedings consistent with this opinion and the opinion announced in Crystal I. Because we are reversing the order awarding attorney fees and costs, we decline to address the additional issues Crystal raises challenging the award of attorney fees and costs or the specific amount of fees and costs awarded. ¶ 19 Finally, we note that the parties have asserted competing claims for an award of attorney fees and costs incurred on appeal under C.A.R. 39.1 and section 38-33.3-123(1)(c). If, on remand, the district court concludes that any party is entitled to an award of attorney fees as the prevailing party under section 38-33.3-
123(1)(c), the court shall also determine and award any such parties’ reasonable costs and attorney fees incurred on appeal. See 
8 Vista Ridge Master Homeowners Ass’n v. Arcadia Holdings at Vista Ridge, LLC, 2013 COA 26, ¶ 22 (prevailing party is entitled to an award of attorney fees and costs incurred on appeal under section 38-33.3-123(1)(c)). III. Disposition ¶ 20 The district court’s award of attorney fees in favor of the defendants is reversed, and the case is remanded to the district court for further proceedings consistent with this opinion and the opinion announced in Crystal I. JUDGE J. JONES concurs. JUDGE JOHNSON dissents.
9 JUDGE JOHNSON, dissenting. ¶ 21 In the companion case, Crystal v. Marrone, (Colo. App. No. 22CA0913, August 29, 2024) (not published pursuant to C.A.R. 35(e)) (Crystal I) dissented, in part, with the majority opinion. I concluded in that case that the Access and Utility Easement identified in the Plat Map and the Original Declaration for Parkside Townhomes 1 established an express easement. Id. In doing so, I would have affirmed the district court judgment, albeit on the grounds that the express easement extends the current Access and Utility Easement to the sides of lots 104A and 104D for ingress and egress to the individual backyard lots for the limited purpose of performing maintenance, inspection, repair, installation, and upkeep as needed; to access the townhomes; and to reach or facilitate access to the rear of the lots. See id. ¶ 22 Because of my disposition in Crystal I, I need to address the merits of the parties’ requests for attorney fees in this appeal. ¶ 23 In the trial management order (TMO), which the district court adopted on the first day of trial, both plaintiff, Holly Crystal, and defendants, Kathryn Marrone, Billie Joe North, Gail M. O’Malley Revocable Trust, and Parkside Townhomes 1(the Association) 
10 (collectively, defendants), agreed that any award of attorney fees was dependent upon a prevailing party determination and that the amount of attorney fees would be determined in post-trial proceedings pursuant to C.R.C.P. 121. ¶ 24 After a four-day bench trial, the court rejected all of Crystal claims, and determined that (1) defendants were the prevailing party; (2) defendants were entitled to attorney fees and costs as a matter of law; and (3) the Association was entitled to recover its attorney fees. Consistent with the TMO and with the request made as part of defendants’ proposed findings of fact and conclusions of law, the court found that the amount of fees to be awarded would be determined in post-trial proceedings. ¶ 25 Defendants timely filed a bill of costs and moved for a determination of the amount of attorney fees and costs, seeking $82,446.96 in fees and $10,226.54 in costs. Crystal responded, asserting primarily that the fees sought by the defendants were unreasonable because the number of hours that defendants’ counsel expended on the case was excessive. Crystal did not request an attorney fee hearing. The court ultimately granted fees and costs in the amount the defendants’ requested. 
11 ¶ 26 On appeal, Crystal contends that the district court erred by (1) sua sponte awarding defendants attorney fees; (2) not apportioning attorney fees on a claim-by-claim basis; and (3) not concluding that defendants waived their request for attorney fees under the Amended Declaration and Colorado Common Interest Ownership Act (CCIOA). Additionally, she and defendants each request their appellate attorney fees. ¶ 27 Two of the issues Crystal raises are unpreserved because they are argued for the first time on appeal. These include her contentions that the district court (1) sua sponte ruled in its judgment that defendants were the prevailing party and thus entitled to recover their attorney fees and costs and (2) did not apportion the attorney fees on a claim-by-claim basis. ¶ 28 Generally, appellate courts do not address unpreserved issues in civil cases. See Laleh v. Johnson, 2016 COA 4, ¶ 8, aff’d on other grounds, 2017 CO 93. Although the plain error doctrine has been applied in civil cases, it is infrequent and “reversal occurs only when necessary to avert unequivocal and manifest injustice.” Vititoe v. Rocky Mountain Pavement Maint., Inc., 2015 COA 82, ¶ 60 
12 (quoting Harris Grp., Inc. v. Robinson, 209 P.3d 1188, 1195 (Colo. App. 2009)). ¶ 29 In her response to defendants’ fees motion, Crystal argued that while she “does not contest the reasonableness of defendants’ counsel’s hourly rate” or “counsel’s “recitation of his relevant experience or hourly billing rates for his firm,” she “naturally[] contest[s] the number of hours expended on the case.” The overwhelming majority of her response also dealt with challenging defendants’ characterization that she was obstreperous and expanded the issues in the litigation and that her lawsuit was frivolous and lacked substantial justification. As noted above, she did not seek a hearing to clarify or expound on the arguments raised in her response or any other argument. ¶ 30 Because Crystal raised none of these issues below despite an opportunity to do so, I do not review them any further. See Scott R. Larson, P.C. v. Grinnan, 2017 COA 85, ¶ 70 (“Civil cases too numerous to cite say that ‘issues not raised in or decided by a lower court will not be addressed for the first time on appeal.’” (quoting Robinson v. Colo. State Lottery Div., 179 P.3d 998, 1008-09 (Colo. 2008))). 
13 ¶ 31 As to her third contention — defendants waived seeking attorney fees under CCIOA and the Amended Declaration — Crystal raised a variation of this argument below. But she argued that defendants had waived the attorney fee issue because, despite allegedly representing that they would seek attorney fees only relating to their counterclaim, they instead filed a motion seeking to recover attorney fees involving the entire lawsuit. On appeal, Crystal now argues that defendants waived their request for attorney fees because they did not reference CCIOA and the Amended Declaration in their motion, instead relying on section 13-
17-102, C.R.S. 2024. Therefore, I do not address Crystal’s argument in the manner she now presents it on appeal. See U.S. Aviation Underwriters, Inc. v. Pilatus Bus. Aircraft, Ltd., 582 F.3d 1131, 1142 (10th Cir. 2009) (“A party does not preserve an issue merely by advancing a related theory before the district court . . . .”); Comm’r of Mental Health & Addiction Servs. v. Saeedi, 71 A.3d 619, 631 (Conn. App. Ct. 2013) (An appellate court will not address a claim unless “distinctly” raised at trial, and a “claim is distinctly raised if it is so stated as to bring to the 
14 attention of the court the precise matter on which its decision is being asked.”) (citation omitted). ¶ 32 And because I would conclude that Crystal did not prevail on her contentions on this appeal, she is not entitled to appellate attorney fees and costs. See Lawry v. Palm, 192 P.3d 550, 570 (Colo. App. 2008) (Because the defendant “is not entitled to recover attorney fees incurred in connection with the underlying litigation, we conclude that an award of . . . appellate attorney fees is inappropriate.”). ¶ 33 For the foregoing reasons, I respectfully dissent from the majority opinion.